White, J.
The first question for determination is, whether section 8 of the act prescribing the duties of the attorney-general is repealed by the code of civil procedure.
That section is as follows: “ That he (the attorney-general) may prosecute any action or suit at law, or in equity, authorized by the last two sections, in the Court of Common Pleas of Eranklin county, or in the Court of Common Pleas of the county in -which the defendant, or any one or more of the defendants, may reside or be found.”
The two preceding sections referred to relate to suits on the official bonds of delinquent officers, in which the state may be interested; and to suits against assessors and other officers connected with the revenue laws of the state for delinquencies and offenses against those laws.
The repeal is claimed to have been effected by section 47 of the code. That section provides that “ actions for the following causes must be brought in the county where the cause, or some part thereof, arose : . . .
“ 2. An action against a public officer for an act done by him. in virtue or under color of his office, or for a neglect ■of his official duty. /
*205 “ 3. An action on the official bond or undertaking of a public officer.”
In order to determine whether this section of the code repeals by implication the section in question of the attorney-general’s act, the previous state of legislation on the subjects to which the code and the attorney-general’s act respectively relate, should be’considered and kept in view., From such considerations, the main objects sought to be accomplished by these acts respectively become apparent.
Prior to the adoption of the code, there were two systems of remedies for the administration of justice—the common-law system and the system pertaining to courts of chancery. The practice under these systems was regulated by the act of 1831, “to regulate the practice of the judicial courts,” and by the act of the same year “directing the mode of proceeding in chancery.”
To these acts and their respective amendments, suitors-generally were required to look to ascertain the forum in which to sue and the mode of obtaining service of process.
The “ act to prescribe the duties of the attorney-general,” was passed prior to the adoption of the code; but it was no part of the object of the act to establish forms of procedure. It has special reference to the interests of the state; and the provisions now drawn in question relate exclusively to the institution and prosecution of suits on behalf of the state by the attorney-general. The office of attorney-general was first created in 1846, and the original act conferred similar authority on that officer to sue in behalf of the state in the courts of Franklin county. He was then, as he is still, required to keep his office at the capital. The office of attorney-general, by the present constitution, is made a constitutional office; and the present act in relation to it, which was passed since the adoption of the constitution, merely prescribes the duties of the office.
The same reasons of public policy which led originally to the giving of authority to sue in behalf of the state in Franklin county, and to send process to other counties, still exist; and the full force of this policy is recognized in *206 the present act. The design of this special provision in behalf of the state is -to enable the attorney-general to discharge his duties with greater efficiency. If he, like private suitors, were required to sue in the various local courts throughout the state, the litigation, owing to the conflicting terms of the courts and other inconveniences, would, so .far as his personal attention was required, necessarily be much embarrassed and delayed, to the detrimeht of the state.
The code in express terms abolishes the distinction between actions at law and suits in equity, and prescribes in their place one uniform action. It also expressly repeals the practice acts and their amendments, and substitutes in their stead its own modes of procedure; but no reference is made to the attorney-general’s act. It is true the language of section 47, already quoted, is imperative; but the question is, whether that section applies where the state is the substantial party, in respect to the special mode of obtaining process prescribed in the attorney-general’s act.
In Fosdick v. Perrysburg, it was laid down as an established rule in the construction of statutes, that a subsequent Statute treating a subject in general terms, and not expressly contradicting the provisions of the prior act, shall not be considered as intended to affect more particular and positive provisions of the prior act, unless it be absolutely necessary to do so in order to give its words any meaning. 14 Ohio St. 472.
The same' principle, in various forms, has been often recognized. Sedgwick on Stat. Construction, 98; Cole v. Supervisors, 11 Iowa, 552; Pearce v. Bank of Alabama, 33 Ala. 693.
In the present case we find no such repugnancy between the provisions of the two acts as to warrant us in holding the provision in question, of the prior act, to be repealed.
Our conclusion upon this question renders the consideration of the other question raised in the case unnecessary.
• The judgment of the Court of Common Pleas is reversed, and the cause remanded for further proceedings.
*207 There are several other cases depending on the same question, in each of which a similar judgment is rendered.
McIlvaine, C. J., Welch, Rex, and Gilmore, JJ., concurred.